UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,

    Plaintiff,

v.

GRESHAM HOTEL, LLC and
HARDEEP SAMRA,

    Defendants.

Civil Action No. 25-1734-TDC

**MEMORANDUM ORDER**

    Plaintiff Choice Hotels International, Inc. ("Choice Hotels") has filed an Application to Confirm the Arbitration Award against Defendants Gresham Hotel, LLC and Hardeep Samra. The award at issue was based on Defendants' alleged breach of a franchise agreement between the parties ("the Franchise Agreement"), specifically the failure of Defendants to pay required franchise fees. Although Defendants were notified of arbitration proceedings relating to the alleged breach of contract, they did not present any evidence or participate in the arbitration proceedings. On October 22, 2024, the arbitrator awarded Choice Hotels a total of $239,211.48 in damages, comprised of contractually specified franchise fees, liquidated damages, interest, and arbitration expenses.

    Defendants were served with the Application on July 9, 2025. No Defendant has filed a response to the Application. On October 1, 2025, Choice Hotels filed a Motion for Clerk's Entry of Default and a Motion for Default Judgment against all Defendants. The Clerk entered an Order of Default on October 7, 2025. Because of concerns with the initial filing, the Court twice requested supplemental filings by Choice Hotels and received them on November 12, 2025 and

December 17, 2025. Although Defendants were served with the Motion for Default Judgment and notified of the opportunity to respond to the Motion and the supplemental filings, to date, no Defendant has responded to any filings in this case. The Motion is now ripe for disposition, and the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion for Default Judgment will be GRANTED.

## DISCUSSION

In the Motion for Default Judgment, Choice Hotels asserts that Defendants have failed to file a timely responsive pleading to its Application. Thus, Choice Hotels argues that it is entitled to default judgment against Defendants in the amount of the arbitration award and costs.

### I. Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), a default judgment after an entry of default is left to the discretion of the court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Although the United States Court of Appeals for the Fourth Circuit recognizes a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive, *Lawbaugh*, 359 F. Supp. 2d at 421–22 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). When default judgment is sought with respect to an application for confirmation of an arbitration award, the plaintiff must show that it is entitled to confirmation as a matter of law. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006).

### II. The FAA

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, provides in part that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and

2

> thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. Here, the Franchise Agreement contains an arbitration clause that states that "any controversy or claim arising out of or relating to this Agreement . . . or the breach of this Agreement, . . . will be sent to final and binding arbitration." Franchise Agreement ¶ 21, ECF No. 19. Choice Hotels filed its application to confirm the award within one year of the arbitrator's decision.

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. Choice Hotels is a Delaware corporation with its headquarters located in North Bethesda, Maryland. Defendant Hardeep Samra is a citizen of California. Defendant Gresham Hotel, LLC is an Oregon limited liability company whose sole member is Samra. In addition, the amount in controversy is greater than the $75,000 jurisdictional minimum under 28 U.S.C. § 1332. There is no dispute that this Court has personal jurisdiction over Defendants. Thus, the Court finds that venue is appropriate in light of the contractual provision stating that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." Franchise Agreement ¶ 21.

The Court requested supplemental filings relating to Choice Hotels's repeated representations in the Application that the arbitration award was rendered in Maryland, where the submitted documentation demonstrates that the arbitration proceedings were conducted online or by telephone only with an arbitrator based outside of Maryland, and the Franchise Agreement specifically provides that "[a]ny arbitration will be conducted at [Choice Hotels's] headquarters office in Maryland." *See* Application ¶¶ 12, 16, ECF No. 1; Mot. Ex. A, ECF No. 11-2; Franchise Agreement ¶ 21. In the supplemental filings, Choice Hotels confirmed that the arbitration proceedings were not actually conducted in Maryland, provided no legal argument or authority

3

that the virtual arbitration proceeding could be deemed to have occurred in Maryland, and provided no explanation for its factual misrepresentations to the Court. Although, as noted above, the Court has jurisdiction and venue over this proceeding, the fact that the arbitration proceeding was not conducted in compliance with the explicit contractual requirement that it occur in Maryland raises a legitimate question about the validity of the arbitration proceeding. Had Defendants responded to the Motion in relation to this issue, the Court would have seriously considered such an argument. In its supplemental filings, Choice Hotels did not address this issue.

Choice Hotels, however, has asserted that "[w]hile no in-person hearing was held in the State of Maryland, the parties were given notice and opportunity to pursue the claim and any defenses in person in the State of Maryland." Berge Aff. ¶ 7, ECF No. 18. It has further asserted, in its supplemental brief, that the arbitrator "ordered that rather than holding a final evidentiary hearing at Choice's headquarters in Maryland, the parties were afforded the opportunity to submit evidence and testimony via document submission," that Defendants were provided with notice of this order, and that they failed to object to this procedure. Choice Supp. Brf. at 2, ECF No. 23. Where Choice Hotels's attorney has provided a sworn statement as an officer of the court that Defendants were given specific notice that they could have an in-person arbitration proceeding in Maryland, but did not request such a proceeding, the Court may fairly conclude that any argument that the arbitration proceeding was invalid because it violated the express contractual requirement as to the location of the arbitration proceeding was waived. The Court is therefore satisfied that the requirements of the FAA are met, such that it may review the arbitration award. The Court nevertheless strongly advises Choice Hotels that future applications to confirm an arbitration award accurately state the location of the arbitration proceeding, and that such applications be

based on arbitration proceedings that fully comply with the requirements of terms of the arbitration clause agreed to by the parties.

### III.   Review of the Arbitration Award

Judicial review of an arbitration award is "severely circumscribed," and, in fact, is "among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the FAA, or if the arbitrator acted in manifest disregard of law. *Id.* Section 10 of the FAA limits review to the following grounds: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or corruption" on the part of the arbitrators; (3) "the arbitrators were guilty of misconduct" by which "the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers." 9 U.S.C. § 10(a). A misinterpretation of a contract, or of law, does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award. *Three S Delaware, Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

Here, Choice Hotels alleges, and the arbitrator awarded damages for, a breach of the parties' Franchise Agreement. As noted above, the Franchise Agreement provides that a claim for breach of the agreement is subject to arbitration, so the claims resolved by arbitration were within

5

the scope of the parties' agreement. Although Defendants were served in this case and received notice of the Motion, they have failed to file an Answer to Choice Hotels's Application or otherwise make a showing of any grounds for vacating the arbitration award. The record does not demonstrate that any of the limited grounds for setting aside an arbitration award are present in this case. See 9 U.S.C. § 10(a). Accordingly, the Court will grant the Motion for Default Judgment to the extent it seeks confirmation of the arbitrator's award of $239,211.48. Choice Hotels also asks to be awarded $405.00 in costs, the filing fee for this action, which the Court will grant. See Fed. R. Civ. P. 54(d)(1).

To the extent that Choice Hotels also requests post-judgment interest for the time period following this Court's grant of default judgment, Choice Hotels is entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it. See 28 U.S.C. § 1961(a) ("Interest shall be allowed on any monetary judgment in a civil case recovered in a district court.").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Choice Hotels's Motion for Default Judgment, ECF No. 11, is GRANTED.
2. The Court confirms the arbitration award, enters judgment in favor of Choice Hotels and against Defendants in the amount of $239,211.48, which shall accrue post-judgment interest as specified by statute, and awards $405.00 in costs.
3. The Clerk shall close this case.

Date: January 7, 2026

THEODORE D. CHUANG
United States District Judge